UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH I. AQUINO, | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-2468 |
| v. | : | (Judge Vanaskie) |
| COUNTY OF MONROE, et al., | : | |
| Defendants. | : | |

## M E M O R A N D U M

## I.   Introduction

Plaintiff, Elizabeth Aquino, commenced this action, through counsel, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Defendants are Monroe County, Pennsylvania, together with the following individual Defendants: Donna Asure, Chair of the Monroe County Commissioners; Robert Nothstein, Vice-Chair of the Monroe County Commissioners; Suzanne McCool, Monroe County Commissioner; Robert Gress, Chief Clerk/Administrator of the Monroe County Commissioners; David Keenhold, Warden of the Monroe County Correctional Facility ("MCCF"); and Yvonne Santiago, a Corrections Officer at MCCF.  The individual Defendants are sued in their individual and official capacities.

Plaintiff alleges that she was sexually assaulted while incarcerated at MCCF.  She has asserted claims for violation of rights secured by the United States Constitution as well as the Constitution of the Commonwealth of Pennsylvania.  Presently pending is Defendants' Amended Motion to Dismiss the official capacity claims and Plaintiff's state law claims. (Dkt.

Entry 11.) The motion has been briefed and is ripe for decision. For the following reasons, the motion will be granted as to the official capacity claims, but denied as to the claims premised upon alleged violations of two provisions of the Pennsylvania Constitution.

## II.   Background

Plaintiff was incarcerated at MCCF on three occasions:

1. November 25, 2003, to December 2, 2003;

2. March 2, 2004, to March 23, 2004; and

3. March 29, 2004, to April 2, 2004.

Plaintiff alleges that while she was incarcerated at MCCF, Defendant Santiago repeatedly gave her mind-altering drugs and sexually assaulted her, forcing her to submit to offensive sexual contact. In the two-count complaint, Aquino claims that the incidents violated her First, Eighth, and Fourteenth Amendment rights under the U.S. Constitution (Count I), as well as her rights under Article I, §§ 26 and 28 of the Pennsylvania Constitution (Count II).

## III.   Discussion

### A.   Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, a court should "not inquire whether the plaintiffs will

ultimately prevail, only whether they are entitled to offer evidence to support their claims." Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents.  See Angstadt v. Mid-West School Dist., 377 F.3d 338, 342 (3d Cir. 2004); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

### B.  Official Capacity Claims

Defendants seek to dismiss the claims against the individual Defendants in their official capacities, arguing that the "official capacity claims . . . are redundant and should be dismissed because the County of Monroe is a separately named defendant."  (Dkt. Entry 12 at 4.)  In response, Plaintiff concedes that "suits against officials in their official capacity are actions against the governmental entity of which the individual was an agent."  (Dkt. Entry 15-2 at 2) (citing Monell v. New York City Dept. of Social Services., 436 U.S. 658, 690 n. 55 (1978); Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988).  Plaintiff, however, cites Coffman v. Wilson Police Dept., 739 F. Supp. 257, 261 (E.D. Pa. 1990), for the proposition that dismissal of redundant claims is not warranted, notwithstanding an assertion that the claim against an individual agent merged with the claim against the municipality.  (Dkt. Entry 15-2 at 1.)

The Coffman court declined to dismiss the arguably redundant claims because the issue

had not been addressed fully by the parties. Coffman, 739 F. Supp. at 262. Here, by way of contrast, the issue has been addressed adequately by counsel. Thus, this Court concludes, as the parties in the matter concede, that the claims against the individual Defendants in their official capacities are redundant in light of the explicit claim against Monroe County. Accordingly, Defendants' motion to dismiss the official capacity claims will be granted.

### C.     State Constitutional Claims

Defendants, asserting that "Pennsylvania law does not permit a plaintiff to recover monetary damages for the violation of state constitutional rights," (Dkt. Entry 12 at 6), also seek to dismiss Count II of the complaint. It does not appear that the Pennsylvania Supreme Court has definitively resolved the question of whether a direct cause of action for damages may be premised upon either of the provisions of the Commonwealth's Constitution upon which Plaintiff has premised her claim, Article I, §§ 26 and 28.[11]

Plaintiff correctly notes that where there is no ruling currently available from the state's highest court on a matter of state law, the district court "must predict how that court would

---

[1]Pa. Const. Art. I, § 26 states:

> Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of a civil right.

Pa. Const. Art. I, § 28, the Pennsylvania Equal Rights Amendment ("PERA"), states:

> Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual.

resolve [the relevant] issues should it be called upon to do so." Dilworth v. Metropolitan Life Ins. Co., 418 F. 3d 345, 349 (3d Cir. 2005). To make such a prediction, the district court will examine: (1) state Supreme Court decisions in related areas; (2) "decisional law" of intermediate state courts; (3) opinions of federal courts of appeals and district courts applying state law; and (4) decisions from other jurisdictions that have discussed the issues before the court. Id.

In support of her position, Plaintiff cites Erdman v. Mitchell, 207 Pa. 79, 56 A. 327 (Pa. 1903), a century-old Pennsylvania Supreme Court case, which recognized a right to procure injunctive relief to restrain a violation of Section 1 of the first Article of the Pennsylvania Constitution, which guarantees the "indefeasible rights . . . of enjoying and defending life and liberty, and of acquiring, possessing and protecting property. . . ."[2] At issue in Erdman was whether members of a trade union could be enjoined from interfering with the employment of the plaintiffs by prospective employers against whom the trade union had ordered a strike as a means of forcing the plaintiffs to join the trade union. The state's high court concluded that Art.

---

[2] Section 1 of Article 1 of the Pennsylvania Constitution provides:

That the general great and essential principles of liberty and free government may be recognized and unalterably established, we declare, that all men are born equally free and independent and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

5

I, § 1 of the Pennsylvania Constitution, in conjunction with Art. I, § 26,[3] was self-executing, meaning that no affirmative legislative act was needed for its enforcement in civil courts. 207 Pa. at 91. The court explained:

> Wherever a court of common pleas can be reached by the citizen, these great and essential principles of free government must be recognized and vindicated by that court, and the indefeasible right of liberty and the right to acquire property must be protected under the common-law judicial power of the court. Nor does it need statutory authority to frame its decrees, or statutory process to enforce them against the violators of constitutional rights.

Id.

Plaintiff, overlooking the fact that the Article I, § 26 relied upon in Erdman has been re-numbered as Section 25, asserts that "the Supreme Court of Pennsylvania, speaking through the *Erdman* decision, has given the plaintiff a private cause of action for violation of Article 1 § 26 of the Pennsylvania Constitution." (Brief in Opp. to Mot. to Dismiss at 4.) In point of fact, the state's high court has not addressed the question of whether there exists a private cause of action for damages under Art. I, § 26, which was not adopted until 1967.

For similar reasons, Plaintiff's reliance upon Harley v. Schuylkill County, 476 F. Supp. 191 (E.D. Pa. 1979), is misplaced. That case did not involve the provisions of the Pennsylvania

---

[3] Section 26 of Article I, re-numbered as Section 25 of Article I in 1967, provides:

> To guard against transgressions of the high powers which we have delegated, we declare that everything in this article is excepted out of the general powers of the government and shall forever remain inviolate.

6

Constitution at issue here. Instead, it concerned Art. I, § 1, and the Erdman holding that this particular constitutional provision is "self-executing," i.e., enforceable without enabling legislation. Harley, 476 F. Supp. at 195-96.

Notably, the late Judge Huyett in Harley acknowledged that the Pennsylvania Supreme Court had found that other provisions of the state constitution were not self-executing, such as § 27 of Article I, establishing "a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment." See Commonwealth v. National Gettysburg Battlefield Tower, Inc., 454 Pa. 193, 311 A.2d 588 (1973). Plaintiff does not cite any case that has held that Art. I, § 26 (Pennsylvania's analog to the Fourteenth Amendment's equal protection clause), is self-executing.

Plaintiff cites several additional cases in support of her claim, none of which is directly applicable here. One of those cases, Weaver v. Harpster, 885 A. 2d 1073 (Pa. Super. 2005), concerned the public policy exception to Pennsylvania's at-will employment doctrine, and found that PERA represented "clear public policy against sexual discrimination" such that a plaintiff could maintain a wrongful discharge action where the plaintiff's employment was not covered by the Pennsylvania Human Relations Act. Id. at 1076-77. The court, citing Art. I, § 11 of the Pennsylvania Constitution,[4] explained:

---

[4] This provision of the state constitution, in pertinent part, provides:

All courts shall be open; and every man for an injury done him in his lands, goods
(continued...)

> It is difficult to believe that the Legislature would first define certain acts as illegal via both the Constitution and statute, thus establishing a public policy unequivocally condemning such conduct, and then remove all judicial recourse for the victims of that conduct. We therefore agree with Appellant's contention that a public policy exception is appropriate for her situation.

885 A.2d at 1077.

The Superior Court, however, did not address the question of whether a person may maintain a direct cause of action under PERA.  Moreover, while the Pennsylvania Supreme Court has granted allowance of appeal in Weaver, see No. 68 MAL 2006, 2007 WL 1223879 (Pa. April 26, 2007), it has framed the issues in the context of a common law wrongful discharge cause of action.  It is, of course, one thing to recognize a constitutional provision as expressive of public policy for purposes of a recognized cause of action for wrongful discharge; it is quite another thing to create a direct cause of action for violation of the constitutional provision.

Two other cases cited by Plaintiff, Bartholomew v. Foster, 541 A. 2d 393 (Pa. Commw. Ct. 1988), aff'd by an equally divided court, 522 Pa. 489, 563 A.2d 1390 (1989), and Welsch v. Aetna Ins. Co., 494 A. 2d 409 (Pa. Super. 1985), recognized causes of action under PERA in relation to disparities in insurance rates between males and females.  Bartholomew concerned

---

⁴(...continued)
person or reputation shall have remedy by due course of law; and right and justice administered without sale, denial or delay.

Pa. Const. art. I, § 11

declaratory relief only, and did not address the availability of damages.[5]  And while Welsch involved a claim for damages, the appellate court concluded that there was no jurisdiction to entertain the case as only the Pennsylvania Insurance Commissioner had the authority to provide the relief requested.  494 A.2d at 413.   Moreover, none of these decisions referred to PERA as self executing.

     Defendants rely upon Jones v. City of Philadelphia, 890 A.2d 1188 (Pa. Commw. Ct.), app. denied, 589 Pa. 741, 909 A.2d 1291 (2006), in support of their argument that there can be no private cause of action for damages under the sections of the Pennsylvania Constitution at issue here.  Jones involved a claim that law enforcement officers had used excessive force in apprehending him.  The plaintiff claimed that he could recover damages for the alleged wrongful conduct under the Pennsylvania constitutional analog to the Fourth Amendment to the United Sates Constitution.  Specifically, the plaintiff sought damages under Article I, Section 8 of the Pennsylvania Constitution, which provides:

> The people shall be secure in their persons, houses, papers and possessions
> from unreasonable searches and seizures, and no warrant to search any place or
> to seize any person or things shall issue without describing them as nearly as
> may be, nor without probable cause, supported by oath or affirmation subscribed
> to by the affiant.

     In Jones, a divided en banc Commonwealth Court of Pennsylvania held that "the judicial

---

[5]  Similarly, Comm. v. Pa. Interscholastic Athletic Assoc., 334 A. 2d 839 (Pa. Commw. Ct. 1975)), another case cited by Plaintiff, involved alleged gender discrimination in scholastic athletics and sought only declaratory relief.

creation of a new cause of action for monetary damages for the . . . violation of Article I, Section 8 of the Pennsylvania Constitution, is not required." Jones, 890 A.2d at 1216. There were five discernable premises for this conclusion: First, the majority concluded that protection against excessive force under the state and federal constitutional provisions was "coextensive," meaning that the same test would be applied to protect identical interests regardless of whether the claim was analyzed under the Fourth Amendment or Art. I, § 8 of the Pennsylvania Constitution. Id. at 1206, 1216. Second, the plaintiff had an available remedy by way of a section 1983 action that would vindicate the interests protected by the state's constitution. Id. at 1212-13. Third, the majority found it significant that there was no state analog to 42 U.S.C. § 1983, providing for "a general right to sue for a constitutional violation." Id. at 1213. As to this point, the majority observed:

> We believe that a decision to create a cause of action for damages for a constitutional violation, in the first instance, is more appropriate for the legislature. . . .  The legislature is in a much better position to analyze and address the diverse policy considerations involved:
>
> First, by defining elements, defenses, and immunities to the cause of action, a statutory scheme can foreshorten years of trial-and-error rule making in the appell[ate] courts.... Second, because most persons and organizations subject to constitutional standards presumably desire to be law-abiding, they deserve such guidance as will permit them to conform their conduct to constitutional expectations. A remedial statute ... can guide planning and training and also provide the legal incentive sometimes needed for institutional reform. Third, the legislative process obviously permits greater participation by parties likely to be directly affected, perhaps resulting in more sensible and workable rules. Fourth, the legislative process performs a unique educative function that can never be duplicated by the world of judicial review....

10

Id. (quoting Jennifer Friesen, "Recovering Damages for State Bills of Rights Claims," 63 Tex. L. Rev. 1269, 1284 (1985)).  A fourth factor weighing against recognition of a damages claim was "the potential financial burden for state, local and municipal government entities" and ensuing "chilling effect" on the discharge of governmental responsibilities resulting from judicial creation of a new cause of action.  Id. at 12113-14.  Finally, the majority considered it significant that the plaintiff could pursue claims for declaratory and prospective injunctive relief under the Pennsylvania Constitution.  Id. at 1212 n. 37, 1216.

Defendants argue that Jones stands for the proposition that there can be no claim for damages for violation of a provision of the Pennsylvania Constitution.  They cite a number of federal district court decisions issued before Jones that make such a blanket statement, at least where monetary relief can be sought under section 1983. E.g., Pollarine v. Boyer, No. Civ. A. 04-5312, 2005 WL 1806481, at *2 15425 (E.D. Pa. July 29, 2005) (dismissing state constitutional claims which sought money damages); Kaucher v. County of Bucks, No. Civ. A. 03-1212, 2005 WL 283628 at *11 (E.D. Pa. February 7, 2005) (stating that "it has been widely held that the Pennsylvania Constitution does not provide a direct right to damages"); Morris v. Dixon, No. Civ. A. 03-6819, 2005 WL 950615, at *12 (E.D. Pa. April 20, 2005) (dismissing state constitutional claims which sought money damages).  Cases post-dating Jones have similarly rejected claims for damages under the Pennsylvania Constitution in broad terms.  E.g., K.S. v. School Dist. of Philadelphia, No. 05-4916, 2007 WL 1009815, at *7 (E.D. Pa. March 28, 2007);

Mazzeo v. Mittman, No. 05-CV-692, 2007 WL 776862, at *3 (E.D. Pa. March 9, 2007).

The analysis in Jones, however, suggests the possibility that a claim for damages for a violation of a provision of the Pennsylvania Constitution may indeed be recognized, at least where the state constitutional provision affords rights greater than those existing under the federal constitution and no meaningful relief is otherwise available.  Evidencing the unsettled and complex nature of this issue are decisions of a number of federal district courts to decline to exercise supplemental jurisdiction over claims similar to that presented here.  E.g., Warren v. Twp. of Derry, Civ. Action No. 1:04-CV-2798, 2007 WL 870115, at *12 (M.D. Pa. March 20, 2007);  Mulgrew v. Fumo, No. 03-CV-5039, 2004 WL 1699368, at *2 (E.D. Pa. July 29, 2004) ("Due to this unsettled issue of law, as to whether such a direct right of action exists [for money damages for violations of the state constitution], we believe a state court is better equipped to determine the causes of action that may be derived from the Pennsylvania Constitution.").

Defendants have not addressed the issue in the context of the analysis in Jones.  For example, they have not shown that the rights afforded by the United States Constitution are coextensive with those provided by Article I, § 26 and/or § 28 of the Pennsylvania Constitution.  Nor have they addressed the question of whether the state courts would hold either of these provisions to be "self-executing."  In this regard, it is noteworthy that the majority in Jones pretermitted consideration of the "self-executing" constitutional provision approach embraced in Erdman because the parties had not raised the matter.  890 A.2d at 1209-10 n.35.  Finally,

although Defendants cite district court decisions that have declined to recognize a private cause of action for damages under PERA, e.g., Walsh v. Irvin Stern's Costumes, No. Civ. A. 05-2515, 2006 WL 166509, at *7-8 (E.D. Pa. Jan. 19, 2006); there is countervailing authority. E.g., Jespersen v. H&R Block Mortgage Corp., Civ. A. No. 06-1212, 2006 WL 1997372, at *2-3 (E.D. Pa. July 13, 2006); Benard v. Washington County, 465 F. Supp. 2d 461, 473 (W.D. Pa. 2006); Barrett v. Greater Hatboro Chamber of Commerce, No. Civ. A. 02-4421, 2005 WL 2104319, at *4 (E.D. Pa. Aug. 19, 2005).  Cases upholding a cause of action for monetary relief for an alleged violation of PERA have referenced the following dicta from Pfeiffer v. Marion Ctr. Area Sch. Dist., 917 F.2d 779, 789 (3d Cir.1990): "We are of the view that a private right of action [for compensatory damages] is available for cases of gender discrimination under the Pennsylvania ERA."

     Like Judge Schiller in Jespersen, 2006 WL 1997372, at *3, I am reluctant to deny the existence of a cause of action for damages for a violation of PERA in light of our Court of Appeals' observation in Pfeiffer, even though it may only be dicta.  I am especially hesitant to resolve this weighty and important issue when the parties have not addressed the matter within either the analytical framework presented in Jones or the self-executing constitutional provision approach recognized in Erdman.  It suffices to note at this point in the litigation that the existence vel non of a cause of action for damages for a violation of the provisions of the Pennsylvania Constitution at issue here is not definitively resolved under current case law.

Furthermore, the fact that Plaintiff may nonetheless pursue claims for declaratory (and perhaps injunctive) relief militates against dismissal of Count II of the Complaint or declination of supplemental jurisdiction.  See MFS, Inc. v. Twp. of South Anville, Civ. A. No. 1:05-CV-1371, 2006 WL 3254535, at *8 (M.D. Pa. Nov. 9, 2006).  Accordingly, the motion to dismiss Count II of the Complaint will be denied.

        An appropriate Order follows.

                                      **s/ Thomas I. Vanaskie**
                                      Thomas I. Vanaskie
                                      United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELIZABETH I. AQUINO,** | : | |
| | : | |
|     **Plaintiff,** | : | **CIVIL NO. 3:CV-05-2468** |
| | : | |
|     v. | : | **(Judge Vanaskie)** |
| | : | |
| **COUNTY OF MONROE, et al.,** | : | |
| | : | |
|     **Defendants.** | : | |

**O R D E R**

**AND NOW, THIS 24th DAY OF MAY, 2007**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1. Defendants' Motion to Dismiss Plaintiff's complaint is **GRANTED IN PART.**

    2. Plaintiff's claims against individual Defendants in their official capacities are **DISMISSED.**

    3. Defendants' motion to dismiss Plaintiff's claims for relief for alleged violations of the Pennsylvania Constitution is **DENIED.**

    4. Defendants shall answer the Complaint within fifteen (15) days from the date of this Order.

                                                             **s/ Thomas I. Vanaskie**
                                                              Thomas I. Vanaskie
                                                              United States District Judge